| | |
|---|---|
| Eudaldo Báez Galib y otros<br>      Peticionarios<br><br>            v.<br><br>Comisión Estatal de Elecciones y otros<br>      Demandados | MANDAMUS<br><br>2000 TSPR 156 |
| Damaris Mangual y otros<br>      Peticionarios-Demandados<br><br>            v.<br><br>Comisión Estatal de Elecciones y otros<br>      Demandados | |

Número del Caso: MD-2000-8
                        MD-2000-9
Fecha: 26/octubre/2000

**MD-2000-8**
Peticionario Por Derecho Propio:

> Lcdo. Eudaldo Báez Galib

Abogados de la Parte Demandada:

> Hon. Gustavo A. Gelpí
> Procurador General

Comisión Estatal de Elecciones:

> Lcdo. Pedro A. Delgado Hernández

Comisionado Electoral PPD

> Lcdo. Carlos J. López Feliciano

**MD-2000-9**
Abogados de los Peticionarios:

> Lcdo. Carlos Iván Gorrín Peralta
> Lcdo. Denis Márquez Lebrón
> Lcdo. José E. Torres Valentín

Abogados de la Parte Demandada:

> Hon. Gustavo A. Gelpí
> Procurador General

Comisión Estatal de Elecciones:

> Lcdo. Pedro A. Delgado Hernández

Comisionado Electoral PPD:

> Lcdo. Carlos J. López Feliciano

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Eudaldo Báez Galib
y otros

      Peticionarios

        v.                                      Mandamus

                                             MD-2000-8
                                    Cons. MD-2000-9

Comisión Estatal de Elecciones
y otros

      Demandados

RESOLUCION

San Juan, Puerto Rico a 26 de octubre de 2000

     A tenor con la solicitud hecha por el Procurador General de Puerto Rico y la Comisión Estatal de Elecciones en estos casos, se decreta la consolidación de los casos número MD-2000-8, Eudaldo Báez Galib, Demandante v. Comisión Estatal de Elecciones y el Estado Libre Asociado de Puerto Rico con el MD-2000-9, Damaris B. Mangual Vélez y otros v. Comisión Estatal de Elecciones y otros.

     En ambos recursos se invoca la jurisdicción original de esta Curia para que expidamos un auto de Mandamus dirigido a la Comisión Estatal de Elecciones, su Presidente y los Comisionados Electorales de los respectivos partidos políticos de Puerto Rico ordenándoles a éstos a que, en cumplimiento de las disposiciones de la Constitución del Estado Libre Asociado de Puerto Rico, se abstengan de poner en vigor la Ley Número 403 de 10 de septiembre de 2000.

     Los pasados 20 y 24 de octubre ordenamos al señor Procurador General de Puerto Rico para que se expresara sobre los siguientes aspectos en estos casos: (a) procedencia del vehículo procesal de mandamus utilizado en los mismos; (b) la jurisdicción de este Tribunal a la luz del caso de Gregorio Igartúa de la Rosa, et. als., v. U.S. of America, No. 00-2083, entonces pendiente ante la Corte de los Estados Unidos para el Distrito de Puerto Rico; y, (c) sobre cualquier otro asunto que se desee plantear por las partes. Igualmente, ordenamos el pasado 20 de octubre a la Comisión Estatal de Elecciones informar sobre el estado en que se encuentra la implementación de la Ley de Elecciones Presidenciales, supra.

Dichas partes cumplieron oportunamente sometiendo los correspondientes escritos en el día de ayer, 25 de octubre de 2000. A la luz de las alegaciones de las partes demandantes en estos casos, de las comparecencias del señor Procurador General de Puerto Rico y la Comisión Estatal de Elecciones, del examen del mencionado estatuto, de lo resuelto por el Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito en el caso número 00-2189, de 16 de octubre de 2000, y la orden dictada por la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico devolviendo a la jurisdicción de los Tribunales de Puerto Rico los casos civiles números 00-21-77 (JP), 00-21-78 (JP) y 00-21-79 (JP), el Tribunal resuelve ejercer su jurisdicción original en los casos del epígrafe y en consecuencia, al amparo de la facultad que nos concede la Regla 50 de nuestro Reglamento, se concede al señor Procurador General de Puerto Rico, así como a las demás partes en estos casos, un término simultáneo a vencer el lunes, 30 del corriente, a las 5:00 de la tarde para que presenten sus respectivos alegatos en torno a la constitucionalidad del mencionado estatuto, todo a la luz de las alegaciones de la parte demandante y las disposiciones antes mencionadas.

En auxilio de nuestra jurisdicción, como medida provisional, y hasta tanto otra cosa disponga este Tribunal, se ordena a la Comisión Estatal de Elecciones, su Presidente y Comisionados, demás funcionarios, empleados y agentes de dicha Comisión, abstenerse de seguir organizando, implementando y viabilizando los procesos para la elección presidencial dispuesta por la citada Ley Número 403 de 10 de septiembre de 2000; por lo que se prohíbe desde la fecha de la notificación de la presente a las partes concernidas, el uso de los recursos, equipo, propiedad mueble o inmueble, empleados y funcionarios adscritos a la Comisión Estatal de Elecciones, o la contratación de cualquier personal adicional, para poner en vigor la referida Ley. Igualmente se prohíbe a la mencionada Comisión, Comisionados y las demás personas anteriormente mencionadas, contraer obligaciones económicas o hacer erogaciones de fondos públicos a los fines antes señalados.

Las mencionadas prohibiciones no implican ni deben interpretarse en el sentido de permitir u ordenar la apertura o intervención con los maletines ya sellados y guardados en bóveda bajo las estrictas medidas de seguridad ya tomadas por la Comisión Estatal de Elecciones.

Notifíquese personalmente a los mencionados funcionarios, así como a su representación legal, inmediatamente por facsímil, teléfono y personalmente, en adición a la vía ordinaria.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Corrada del Río y Rivera Pérez disienten por considerar que nuestra jurisdicción original es una limitada que no incluye el poder de entender, mediante un recurso de mandamus, lo que en efecto es una solicitud de sentencia declaratoria para declarar inconstitucional un estatuto. La importancia que pueda tener una cuestión para unos litigantes no debe conceder jurisdicción original a este Tribunal, cuando no la tiene. Respetar la ley que gobierna la función de este Tribunal es fundamental para la permanencia de un gobierno democrático.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo